## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

**WILLIE E. JOHNSON,**

    **Plaintiff,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,** *et al.*

    **Defendants.**

Case No. 3:24-cv-598

## **DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Capital One, N.A.[1] ("Capital One") submits the following for its Answer to Plaintiff Willie E. Johnson's ("Plaintiff") Complaint:[2]

### **PRELIMINARY STATEMENT**

1. Capital One admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act (the "FCRA") against Capital One, Experian Information Solutions, Inc., Trans Union, LLC, and Capital Community Bank d/b/a LoanMart. Otherwise, denied.

### **JURISDICTION, VENUE AND JURY DEMAND**

2. Capital One admits that this Court has jurisdiction under 28 U.S.C. § 1331. Otherwise, denied.

---

[1] In the caption, Plaintiff named Capital One Bank, NA as a defendant, which is not a legal entity. In paragraph 12 of the Complaint, Plaintiff references Capital One, NA (omitting the word, "Bank"), which is the correct legal entity. This Answer is thus filed on behalf of the correct legal entity, Capital One, N.A.

[2] Capital One uses Plaintiff's paragraph numbering and section headings for ease of reference only. Capital One denies all allegations not expressly admitted in its Answer.

3. Capital One does not dispute that the Eastern District of Virginia, Richmond Division, is the proper venue. Capital One lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and it therefore denies them.

4. Capital One admits that this Court has personal jurisdiction over it. Capital One lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and it therefore denies them.

5. Capital One admits that Plaintiff demands a jury trial, but it denies that Plaintiff is entitled to one.

## PARTIES

6. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

7. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Capital One admits that it is a national association, and that it has a principal place of business in Virginia.

13. Admitted.

14. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

15. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

16. The allegations in this Paragraph state how Plaintiff refers to Defendants Capital One and LoanMart throughout his Complaint, and therefore no response is required.

## **FACTS**

17. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

18. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

19. Capital One admits that the account at issue owed a debt, and that payment was overdue. Capital One lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and it therefore denies them.

20. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

21. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

22. Capital One admits that it received information from Equifax, TransUnion, and Experian indicating that someone was disputing the account at issue. Capital One lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and it therefore denies them.

23. Admitted.

24. Capital One admits, upon receipt of the dispute from Experian, that it verified the money was owed. Capital One lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and it therefore denies them.

25. Capital One lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and it therefore denies them.

26. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

27. Denied.

28. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

29. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

30. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

31. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

32. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

33. Denied.

34. Denied.

35. Denied.

## COUNT ONE:
## CLAIM FOR RELIEF AS TO FURNISHER DEFENDANTS
## 15 U.S.C. § 1681s-2[b]

36. Capital One incorporates the preceding paragraphs in this Answer by reference.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT TWO:
## CLAIM FOR RELIEF AS TO TRANSUNION AND EXPERIAN
## 15 U.S.C. § 1681e[b]

44. Capital One incorporates the preceding paragraphs in this Answer by reference.

45. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

46. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

47. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

48. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

49. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

## COUNT THREE:
## CLAIM FOR RELIEF AS TO TRANSUNION AND EXPERIAN
## 15 U.S.C. § 1681i[a]

50. Capital One incorporates the preceding paragraphs in this Answer by reference.

51. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

52. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

53. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

54. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

55. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

56. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

57. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

58. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

59. Capital One lacks sufficient information to admit or deny the allegations in this Paragraph, and it therefore denies them.

Capital One admits that Plaintiff seeks the relief described in the "WHEREFORE" paragraph of the Complaint. Capital One denies that Plaintiffs are entitled to any of the relief sought in the Complaint or any other relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Capital One submits that each of the following affirmative and other defenses is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Capital One does not impliedly or otherwise undertake any burden of proof or production as to any of these defenses that the law does not otherwise impose. Capital One reserves the right to add, amend, or supplement these defenses in accordance with discovery and other information that may become apparent during the course of the litigation.

1. Capital One's actions were lawful, reasonable, and made in good faith compliance with all applicable provisions of law, rules, and regulations.

2. Capital One acted at all times in good faith and had no knowledge, and was not reckless or negligent in not knowing, that any of its reporting of Plaintiff's accounts were inaccurate.

3. To the extent Plaintiff has suffered damages, which Capital One denies, Plaintiff has failed to mitigate those damages.

4. To the extent Plaintiff has suffered damages, which Capital One denies, such damages are attributable Plaintiff's own actions or the actions of third parties.

5. Plaintiff's damages are barred, in whole or in part, because Capital One's conduct was not willful, malicious, in bad faith, or otherwise sufficient to warrant an award of punitive damages.

6.  Capital One did not engage in any act or omission that would justify an award of litigation expenses or attorney's fees, and Plaintiff is otherwise not entitled to such an award.

Dated:  October 29, 2024

Respectfully submitted,

**CAPITAL ONE, N.A.**

 /s/ *Bryan A. Fratkin*
Bryan A. Fratkin (VSB No. 38933)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
Tel.: 804-775-4352
Fax: 804-698-2100
bfratkin@mcguirewoods.com

*Counsel for Defendant Capital One, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2024, a copy of the foregoing was filed electronically using the CM/ECF system, which shall send a copy of such filing to all counsel of record.

    /s/ *Bryan A. Fratkin*
Bryan A. Fratkin (VSB No. 38933)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel.: 804-775-4352
Fax: 804-698-2100
bfratkin@mcguirewoods.com

*Counsel for Defendant Capital One, N.A.*