**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

---

WILLIE E. JOHNSON,                                    CASE NO:  3:24-cv-00598-REP

           Plaintiff,

    vs.                                                        District Judge Robert E. Payne

EXPERIAN INFORMATION
SOLUTIONS; TRANS UNION,
LLC; CAPITAL ONE BANK, N.A.;
and CAPITAL COMMUNITY BANK
           Defendants.

---

### TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

---

Defendant Trans Union LLC ("TransUnion"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff Willie E. Johnson. Trans Union specifically denies that it has engaged in any conduct which violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Unless expressly admitted, Trans Union LLC denies each and every allegation set forth in Plaintiff's Complaint.

### PRELIMINARY STATEMENT

1.     Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### JURISDITION, VENUE and JURY DEMAND

2.     Trans Union admits that jurisdiction is proper in this Court.

3.     Trans Union admits, solely based on the allegations contained in the Complaint,

1

that venue is proper in this District.

4.      Trans Union admits that this Court has personal jurisdiction over it. Trans Union lacks sufficient information to admit or deny the remaining allegations in this paragraph and, so stating, denies them.

5.      Trans Union admits that Plaintiff requests a jury trial.

## PARTIES

6.      Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7.      Trans Union admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9.      Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10.      Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

11.      Trans Union admits that it is a "consumer reporting agency" as defined by applicable law. Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union further admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the remaining allegations contained in paragraph 11 of the Complaint.

12.      Trans Union is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15.     At this time, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16.     The allegations in this paragraph state how Plaintiff refers to Defendants Capital One and LoanMart throughout his Complaint, and therefore no response is required.

## **FACTS**

17.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21.     At this time, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint as they apply to Trans Union and, therefore, denies same. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of

the Complaint and, therefore, denies same.

22.     At this time, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint as they apply to Trans Union and, therefore, denies same. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23.     At this time, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint as they apply to Trans Union and, therefore, denies same.

24.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25.     Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30.     Trans Union denies the allegations contained in this paragraph.

31.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32.     At this time, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint as they apply to Trans Union and, therefore, denies same. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34.     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35.     Trans Union denies the allegations contained in this paragraph.

**COUNT ONE:**
**CLAIM FOR RELIEF AS TO FURNISHER DEFENDANTS**
**15 U.S.C. §1681s-2[b]**

36.     Trans Union reasserts its answers and responses set forth herein.

37.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

43.     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT TWO
### CLAIM FOR RELIEF As to TransUnion and Experian.
### 15 U.S.C. §1681e[b]

44.     Trans Union reasserts its answers and responses set forth herein.

45.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT THREE
### CLAIM FOR RELIEF
### As to TransUnion and Experian. 15 U.S.C. §1681i[a]

50.    Trans Union reasserts its answers and responses set forth herein.

51.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEFENSES

60.     At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related Plaintiff.

61.     Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

62.     Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

63.     Trans Union at all times acted in compliance with the FCRA.

64.     Plaintiff failed to mitigate his alleged damages.

65.     Trans Union has not published any false, inaccurate or defamatory information to a third party regarding plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

66.     In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

67.     Any alleged damages to Plaintiff, which Trans Union continues to deny, were

caused in whole or in part by an intervening or superseding cause.

68.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the Commonwealth of Virginia.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Defendant its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Marc F. Kirkland*
Marc F. Kirkland
Virginia Bar Number 96234
*Attorneys for Trans Union LLC*
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Phone: (214) 560-5454
Fax: (214) 871-2111
mkirkland@qslwm.com

DATED: November 7, 2024

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2024, a copy of the foregoing was filed electronically using the CM/ECF system, which shall send a copy of such filing to counsel of record.

*/s/ Marc F. Kirkland*
Marc F. Kirkland
Virginia Bar Number 96234
*Attorneys for Trans Union LLC*
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Phone: (214) 560-5454
Fax: (214) 871-2111
mkirkland@qslwm.com

11